ORDER
FORDHAM, JUDGE:
An application of the claimant, Mauryel Aushawn Garrett, for an award under the West Virginia Crime Victims Compensation Act, was filed January 20, 2006. The report of the Claim Investigator, filed April 4, 2006, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on June 1,2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed June 23, 2006. This matter came on for hearing August 4,2006, the claimant appearing pro se and the State of West Virginia by counsel, Benjamin F. Yancey, III, Assistant Attorney General.
On November 6,2005, the 27-year-old claimant was the victim of criminally injurious conduct in Huntington, Cabell County. The claimant was shot by an unidentified assailant as he walked by a nightclub at approximately 2:00 a.m.
The claimant testified at the hearing of this matter that shortly after midnight on the evening in question, he was in the “Fat Cats” club when shots rang out. The claimant stated that he was shot through the lung, and fell onto a sofa. He remembered having trouble breathing, and then the ambulance arrived and he was taken to the hospital.
The claim was initially denied because the facts were unclear. Also, the claimant was in possession of marijuana and a sum of money, which pointed to the possibility of contributory misconduct.
According to the claimant, he had not engaged in any argument or confrontation with anyone at the bar that evening. He did admit to having a small amoimt of marijuana on his person, as well as some money. The claimant, was adamant that he did nothing to provoke the shooting. He cooperated with the authorities, who returned his money to him because he had proof of income. The claimant fhrther testified that he was told by the detective that he was not the person for whom the shot was intended. The identity of the offender remains unknown.
Based on the testimony adduced at the hearing of this matter, the Court finds that the claimant was, in fact, an innocent victim of crime. He incurred unreimbursed medical expenses and missed 20 days of work.
By memorandum dated August 9, 2006, and incorporated herein, the Claim Investigator found the claimant’s unreimbursed allowable expenses to be $21,851.70. Therefore, an an award in that sum is hereby granted as set forth in said memorandum. Should the claimant later incur any additional unreimbursed allowable expenses relating to this incident, they may be reviewed by the Court at that time.